Bryant *v.* Bigelow & Hill.

N. A. D. BRYANT *v.* BIGELOW & HILL.

PLEADINGS AND PRACTICE. *Appeal. Garnishment.* An appeal, from a justice's judgment on garnishment, by the original debtor, does not bring up the case as to the garnishee, and he cannot amend his answer in the circuit court; the judgment of the justice is conclusive as to him.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. J. O. PIERCE, J.

—— —— for plaintiff.

BIGELOW & HILL for defendants.

FREEMAN, J., delivered the opinion of the court.

Bryant obtained a judgment in 1877, before a justice of the peace for Hardeman county, for about seventy-five dollars, against C. H. & O. H. Britton.

Afterwards, the execution was certified to Shelby county, where another execution was issued. No property being found on which to levy, defendants Hill & Bigelow were summoned by garnishment process to answer what effects, etc., they had in their hands, of defendants. They appeared before the justice, and one filed an answer in writing, admitting the possession of certain notes belonging to the debtors—the other an-

swering orally. Thereupon, the justice rendered a judgment against the garnished defendants for the amount due on the execution, to be satisfied by surrender of one of the notes—it being of larger amount than the debt.

From this judgment the original debtors appealed to the circuit court, but the garnished parties did not appeal or make any objection to the judgment. In the circuit court, the garnished defendants came in and asked to be allowed to amend their answer filed before the magistrate, and also to prove, as witnesses, the facts proposed to be presented by amendment. This was refused by the court on the ground that the garnished parties had not appealed, therefore the matters affecting them were not before the court, and the judgment conclusive.

Judgment was rendered affirming the judgment of the justice, from which they alone appealed. The correctness of this ruling is the only question before us for adjudication.

The plaintiff, the defendant, or the garnishee may appeal from the judgment rendered: Code, sec. 3492. The debtor, for instance, may show that the judgment has been paid or is legally satisfied: 6 Heis., 235; 8 Hum., 138. The garnished party may contest his liability to judgment on the facts shown in his answer, and either may appeal from the judgment on such questions.

But if the garnishee in a case like this fail to appeal, he submits to the judgment rendered against him, and it is conclusive. The only matter presented

to the circuit judge by the garnishee, was a retrial of the merits of the judgment rendered on their answer, from which they had not appealed. The defendants in the execution made no objection to the original judgment against them, nor did they insist it was paid or discharged. This is not like the case of *Karr* v. *Shade*, 7 Lea, 295, where the original judgment was appealed from:

The court ruled properly, that the garnished defendants were not before it for the purposes of the motion made, and the judgment must be affirmed.